UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shrondrey Arrington,

        Plaintiff,

                                       Case No. 24-cv-13316

v.                                Honorable Brandy R. McMillion

Leonard Dortch, *et. al.*,

        Defendant.

                                  /

## OPINION AND ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff Shrondrey Arrington ("Arrington") filed this action against Defendants Leonard Dortch, Lee's Towing and Recovery, LLC, Thomas P., Jasmine P., Elite Supreme Cleaning Service, Andre Moon Wiley, Michelle Simpson, and Catholic Charities (collectively, "Defendants") for negligence. *See generally* ECF No. 1. Concurrent with filing the Complaint, Arrington also filed an Application to Proceed Without the Prepayment of Fees. ECF No. 2. Because the Court lacks subject matter jurisdiction over Arrington's claims, this case is **SUMMARILY DISMISSED** and the Application to Proceed Without the Prepayment of Fees is **DENIED AS MOOT**.

1

**I.**

From what the Court can best discern, Arrington alleges that the owner of Lee's Towing and Recovery, Leonard Dortch, employed a man that used the company to "steal [her] 4 door Red 2009 Pontiac G8 on December 7, 2024." ECF No. 1, PageID.5. Additionally, Thomas P. and Jasmine P., of Elite Supreme Cleaning Service, "allowed Security Guard Andre "Moon" Wiley to allow a man to assault [her] on Catholic Charities Property." *Id*. Arrington alleges that Mr. Wiley escorted a black male to her vehicle and instructed him to punch her in the face – which he did. *Id*. Arrington called Michelle Simpson, a Supervisor at Catholic Charities, to alert her of this incident, but Ms. Simpson did nothing to reprimand Mr. Wiley. *Id*.[1]

**II.**

Under Federal Rule of Civil Procedure 12(h)(3), if the "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Houston v. Garland*, No. 2:22-CV-13036, 2023 WL 3212335, at *2 (E.D. Mich. May 2, 2023), *aff'd*, No. 23-1530, 2024 WL 1925936 (6th Cir. Jan. 26, 2024). Although the Court should remain mindful that *pro se* complaints are to be construed liberally,

---

[1] It is unknown if the incident with Lee's Towing and Recovery is related at all to the incident at Catholic Charities. However, for the purposes of this Order, the Court will address the question of jurisdiction as to both incidents.

*pro se* complaints "must still satisfy the subject matter jurisdiction requirement." *Lopez v. Benson*, No. 24-10916, 2024 WL 3740115, at *1 (E.D. Mich. June 6, 2024). Federal Courts have jurisdiction to hear two types of cases: (1) cases presenting a federal question arising under the United States Constitution, federal laws or treaties, pursuant to 28 U.S.C. § 1331; and (2) cases based on diversity of citizenship where a citizen of one state sues a citizen of another state or nation and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1331.

## III.

Arrington's Complaint states that she is suing for "negligent hiring," "negligent retention," and "negligent supervision." *Id*. at PageID.4.  Negligence is a state law cause of action and does not present a federal question which the Court has jurisdiction to hear.  *See* 28 U.S.C. §1331.  Arrington's claims are also against defendants who are all citizens of Michigan, which she is as well.  And the amount at stake for each defendant is less than $75,000.  *See* ECF No. 1, PageID.5. Consequently, there is no diversity jurisdiction as the parties are not from different states and the amount in controversy does not exceed the jurisdictional threshold.

## IV.

Accordingly, Plaintiff's Complaint (ECF No. 1) is **SUMMARILY DISMISSED** as the Court lacks subject matter jurisdiction.  The case is dismissed without prejudice, to be refiled in state court, if Plaintiff so desires.  Further,

Plaintiff's Application to Proceed without the Prepayment of Fees (ECF No. 2) is

**DENIED AS MOOT**.

**This is a final order that closes the case**.

**IT IS SO ORDERED.**

Dated:  January 2, 2025                              s/Brandy R. McMillion
                                                     Hon. Brandy R. McMillion
                                                     United States District Judge